IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PETER HORACE TERRELONGE, | * | |
| Petitioner | * | |
| v | * | Civil Action No. RWT-06-587 |
| IMMIGRATION SERVICE and ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

The above-captioned Petition for Writ of Habeas Corpus, filed March 17, 2006, alleges that Petitioner's November 24, 1997, guilty plea to charges of second degree assault should be set aside because he received ineffective assistance of counsel. (Paper No. 1). The petition challenges the legality of his criminal conviction as well as the decision finding him removable. (Id.)

Petitioner pled guilty to second degree assault and received a three year suspended sentence. (Id.) Thereafter, he was charged by the Department of Homeland Security with being removable as an alien based on his conviction for second degree assault. (Id.) Petitioner maintains that his conviction should not qualify as a crime of violence which would subject him to deportation. He also maintains that his trial counsel was ineffective. (Id.)

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a state criminal conviction may only be filed by a person who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). Petitioner is not currently in custody pursuant to the judgment of a State court. Rather, he is in custody for purposes of insuring his removal from the United States pursuant to a final order of deportation. Accordingly, this Court does not have

jurisdiction to consider Petitioner's claims regarding the validity of his criminal conviction.

To the extent that Petitioner is attempting to challenge the validity of the removal order, this court is without jurisdiction to consider the allegation. Signed into law by the President on May 11, 2005, the Real ID Act of 2005 ("RIDA") substantially modifies the avenue aliens must traverse to obtain judicial review of an order of removal. Section 106(a) of the new law states "a petition for review filed with an appropriate court of appeals .... *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act"(emphasis added).[1]  Section 106 divests the district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Further, § 106(c) of the Act provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed ....

Congress specifically intended for the amendments under RIDA to take effect immediately, and to apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment" of the Act. RIDA, §106(b).

The petition raises a question of law directly related to the legality of Petitioner's order of removal. The "jurisdiction-stripping" provisions of RIDA plainly apply here. Accordingly, the

---

[1] This provision is codified at Immigration and Naturalization Act, § 242(a)(5), 8 U.S.C. §1252(a)(5).

case shall be dismissed without prejudice.[2]  A separate order follows.


Date: 3/23/06                                                    /s/
                                                        ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE

---

[2]Petitioner has indicated that he has filed a petition with the Fourth Circuit Court of Appeals seeking review of his deportation order.